IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAUREEN A. HUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV283 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS DAIRY, INC., an Iowa corporation, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Wells Dairy, Inc.'s ("Wells Dairy") motion for summary judgment (Filing No. 21), and plaintiff Maureen A. Hutson's ("Hutson") unopposed motion for extension of discovery deadlines (Filing No. 31). The Court finds Wells Dairy's motion for summary judgment should be granted and Hutson's unopposed motion for an extension of discovery deadlines will be denied as moot.

### BACKGROUND

This action regards claims for employment discrimination based on gender and age. Hutson is a 61-year-old female who was previously employed by Wells Dairy (Filing No. 1, ¶¶ 7, 9). On or about November 28, 2006, a Wells Dairy manager, Mr. Simmonds, informed Hutson that her employment was being terminated (*Id*. at ¶¶ 11-12). Hutson continued to work at Wells Dairy through December 1, 2006, when an individual from Wells Dairy's human resources office, Ms. Millikan, informed Hutson that her employment with Wells Dairy was terminated and notified Hutson that no further notice or severance pay would be provided

(*Id.* at ¶¶ 13-14).  Hutson claims Wells Dairy replaced her with a younger male employee (*Id.* at ¶ 17).

Hutson filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 27, 2007 (Filing No. 22, ¶¶ 11-12; Filing No. 25, ¶ 3).  The EEOC issued a Dismissal and Notice of Rights, stating the EEOC was closing its file because Hutson's charge was not timely filed (Filing No. 22, ¶ 14; Filing No. 25, ¶ 3).  Subsequently, Hutson filed this action, asserting three causes of action: (1) employment discrimination based on gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., (2) employment discrimination based on age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and (3) employment discrimination based on age under NEB. REV. STAT. § 48-1001 et seq. (*See* Filing No. 1).

Wells Dairy moves for summary judgment on the ground that Hutson's claims are time-barred.

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A fact is material when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

Wells Dairy contends that all of Hutson's claims are time-barred by the 300-day limitations period for filing charges with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *see* 29 U.S.C. § 626(d)(2); *see* Neb. Rev. Stat. § 48-1008(2). Unless the "continuing violations exception" applies, Wells Dairy's contention is correct.

Under the continuing violations exception, discriminatory acts that occur outside the limitations period will not be time-barred if they are pursuant to a continuous discriminatory practice or policy and at least one of the discriminatory acts in furtherance of the discriminatory practice occurred within the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115-117 (2002). This exception recognizes that when the plaintiff complains of a continuing

discriminatory practice that involves repeated conduct, the discriminatory practice cannot be identified as occurring on a particular day. *Id.* at 115.

In this case, Hutson claims her termination was part of a continuing discriminatory practice that continued until December 1, 2006, when she learned that she would not receive additional notice or severance pay. Hutson claims the December 1, 2006, acts were discriminatory. Therefore, the Court must determine whether acts on November 28, 2006, and acts on December 1, 2006, are separate and divisible acts of discrimination or are inseparable acts that together form one continuing practice of discrimination.

The Supreme Court provided guidance on this issue in *Nat'l R.R. Passenger Corp. v. Morgan*. In *Nat'l R.R. Passenger Corp.*, the Supreme Court identified a hostile work environment claim as the type of claim that involves repeated conduct and is subject to the continuing violations exception because, even though the claim consists of several acts that occur on different dates, the acts only constitute one unlawful employment practice. *See Id.* at 115-117. In contrast, the Supreme Court identified a claim of discriminatory termination as a type of claim that involves a discrete act, which in itself, constitutes one actionable discriminatory practice, and is therefore not subject to the continuing violations exception. *See Id.* at 114.

While a circumstance may exist in which a termination is part of a continuing discriminatory practice, this case is not

one of those situations.  Hutson does not allege the type of repeated and continuing conduct that justifies application of the continuing violations exception.  Rather, Hutson's claims rely on the discrete act of her termination.

Analysis of Huston's EEOC filings supports the Court's finding.  In the EEOC charges, Hutson identified November 28, 2006, as the "latest" date any discrimination took place.  She also failed to check the box for "continuing action," which would have indicated that she was alleging a continuing practice of discrimination.

The Court declines to apply the continuing violations exception to this case.  Hutson failed to file an EEOC charge within 300 days of November 28, 2006, and therefore, claims arising out events that occurred on November 28, 2006, are time-barred.[1]  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of November, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] Hutson has not exhausted her administrative remedies with regard to acts that occurred on December 1, 2006.  While an EEOC charge will be broadly construed for purposes of exhaustion, a claim that was not made in the EEOC filings and cannot reasonably be inferred so as to put an employer on notice is not exhausted. *See Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2005). Hutson's EEOC charge did not mention the December 1, 2006, acts, stated November 28, 2006, was the latest date discrimination occurred, and did not indicate she was claiming a continuing violation of discrimination.  Thus, claims arising out of acts that occurred on December 1, 2006, have not been exhausted.